[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11111-AA

_____

CURTIS J. COLLINS,

           Plaintiff – Appellant,

versus

EQUABLE ASCENT FINANCIAL, LLC, et al.,

           Defendants,

EXPERIAN INFORMATION SOLUTIONS, INC.,

           Defendant – Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

ON PETITION FOR REHEARING

BEFORE: MARTIN, JULIE CARNES and BLACK, Circuit Judges.

PER CURIAM:

On January 15, 2015, this Court reversed the district court's determination that third-party publication is necessary for a consumer to be entitled to actual damages under 15 U.S.C. § 1681i(a) of the Fair Credit Reporting Act (FCRA), which requires a consumer reporting agency (CRA) to conduct a reasonable reinvestigation of disputed information contained in a consumer's credit file. We remanded to the district court for further proceedings on Curtis J. Collins' claim alleging a negligent violation of § 1681i(a). We affirmed the district court's grant of summary judgment on Collins' claim that Experian Information Solutions, Inc., willfully violated its duty to conduct a reasonable reinvestigation under § 1681i(a). *Collins v. Experian Info. Solutions, Inc.*, 775 F.3d 1330, 1336 (11th Cir. 2015). Collins requests we rehear the willfulness portion of our opinion.

Collins asserts *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47, 70, 127 S. Ct. 2201, 2216 (2007), provides that if a CRA had "the benefit of guidance from the courts of appeals . . . that might have warned it away from the view [of the FCRA] it took," a jury question exists regarding whether the CRA willfully violated the FCRA. He contends three courts of appeals have warned CRAs that it is unreasonable to merely contact the creditor to verify the consumer's debt when there is other information provided by the consumer that calls the creditor's data into question; therefore a jury question is presented. *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 226-27 (3d Cir. 1997); *Henson v. CSC Credit Servs.*, 29 F.3d

280, 286-87 (7th Cir. 1994); *Stevenson v. TRW Inc.*, 987 F.2d 288, 293-94 (5th Cir. 1993). We deny his petition because Collins did not raise the argument contained in his petition for rehearing in his initial brief on appeal.[1] *See United States v. Levy*, 379 F.3d 1241, 1242 (11th Cir. 2004). Collins premises his entire argument on one sentence he did not cite, as interpreted through three circuit court cases he did not cite. We did not decide the issue presented in Collins' petition for rehearing, and neither do we decide the issue now.

---

[1] Nor did he raise it in his reply brief.